JOHN O. BENTHALL *vs.* JOSEPH J. JUDKINS & others.

In an action by the payee of a negotiable note against two or more persons, as joint promisors, where one of the defendants' names is on the face of the note, and the names of the others are on its back, without date and in blank, the legal presumption is, that all the names were signed at the same time.

ASSUMPSIT on the following note: "Lowell, April 29th 1846. For value received, I promise to pay J. O. Benthall, or order, two hundred and fifty dollars, ten days from date. J. J. Judkins." On the back of this note, in blank, were the names of the other two defendants, Samuel J. Varney and Artemas L. Brooks.

At the trial in the court of common pleas, before *Wells*. C. J. the plaintiff produced the note, but offered no evidence as to the time when, or under what circumstances, the names of Varney and Brooks were placed on the back of it; nor did he offer any evidence that either of them ever had notice that the note was not paid at maturity. Several payments were

indorsed on the note, but it did not appear by whom they were made.

The defendant contended that the three defendants could not be joined in one action on the note, and that the action could not be sustained upon the facts in evidence. But the judge ruled otherwise, and also ruled that the presumption was, that the names of all the defendants were put upon the note before it was delivered to the plaintiff. As there was no evidence to rebut this presumption, the judge instructed the jury that they should return a verdict for the plaintiff, for the amount remaining due on the note. A verdict was returned accordingly, and the defendants alleged exceptions.

*J. G. Abbott*, for the defendants. In a suit against parties, as original promisors, who put their names, in blank, on the back of a note, the plaintiff must prove affirmatively that their names were put there at the time when the note was made by the promisor who signs on the face of the note. In *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504, all the prior cases are discussed, and it appears that, in all of them, the fact was, that such names were originally on the note. In *Richardson* v. *Lincoln*, 5 Met. 203, the court said that when a party, who is not the payee of a note, puts his name upon it in blank, " he must be considered an original promisor and surety, if he so put his name upon it simultaneously with the promisor, as an original contractor; " thereby affirming, by the strongest implication, that it is a fact to be proved affirmatively. And in that case the plaintiff gave affirmative evidence of this fact. The note itself does not show whether the signers on the back meant to contract as joint original promisors, or as guarantors. If they sign as guarantors, a new consideration must be shown. *Tenney* v. *Prince*, 4 Pick. 385. *Samson* v. *Thornton*, 3 Met. 279.

*Caverly*, for the plaintiff. Varney and Brooks are to be considered as original promisors. *Sumner* v. *Gay*, 4 Pick 311. *Austin* v. *Boyd*, 24 Pick. 64. *Richardson* v. *Lincoln*, 5 Met. 201. In this last case, the plaintiff gave evidence of a fact which would have been presumed without evidence

In the case cited from 8 Met. 504, Hubbard, J. said that the presumption was, when such a note is in the hands of a *bona fide* holder, that the signatures on the face and on the back were simultaneous.

*Abbott*, in reply. The case, in which Hubbard, J. made the remark cited, was an action by an indorsee against an indorser. The same presumption is not to be made in favor of the original holder, who knows all the facts.

DEWEY, J. This case falls within the well settled principle of law, repeatedly decided in this court, charging a party, under circumstances like the present, as an original promisor. To make him such, it is necessary that the signature of the party sought to be charged should be placed on the note at the time of its execution; or, in other words, that the promise be made at the time when the note itself is made. But upon the production of the note, by a *bona fide* holder, accompanied by the signature of the defendant on the back thereof, in blank, and without date, and nothing appearing to the contrary, the presumption is, that it was thus signed by the defendant at the time of the making of the note. *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504. No further proof, therefore, was necessary to be introduced by the plaintiff, to maintain his action.

*Exceptions overruled.*